## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES DEAN MILLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. CIV-06-1404-M |
| | ) | |
| JOSEPH D. SCIBANA, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner presently incarcerated at the Federal Correctional Institution (FCI) in El Reno and appearing pro se, brings this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that the BOP abused its discretion by failing to give full and fair consideration to his request for a nunc pro tunc concurrent designation for the service of his state and federal sentences. Respondent has filed a response[1] [Doc. No. 13] and Petitioner has filed a reply [Doc. No. 15], placing the matter at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, the undersigned finds that Petitioner has not demonstrated an abuse of discretion by the BOP, and it is therefore recommended that the petition be denied.

Facts and Procedural Background

Petitioner alleges that he was arrested in McGregor, Texas, on October 27, 1999, and was subsequently charged in both state and federal court on drug-related charges

---

[1]Although Respondent's response is designated a motion to dismiss, he argues based on the merits of Petitioner's claims that Petitioner is not entitled to habeas relief. Accordingly, the undersigned has construed the motion as an answer in accordance with Rule 5 of the Rules Govern Section 2254 Cases. See Rule 1(b), Rules Governing Section 2254 Cases (rules may be applied to other habeas cases in court's discretion).

arising from the same conduct.  Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus (Memorandum) [Doc. No. 2], p. 2.  The record shows that on March 14, 2000, the State of Texas charged Petitioner with possession with intent to deliver methamphetamine and manufacturing methamphetamine on October 27, 1999. Petitioner's Memorandum, p. 2; Petitioner's Appendix [Doc. No. 5], p. 1 (Indictment, *State of Texas v. James Dean Miller*, Cause No. 2000-266-C, District Court of McLennan County, Texas).  Thereafter, on December 12, 2000, Petitioner was charged in federal court with one count of manufacturing methamphetamine on October 27, 1999. Petitioner's Appendix, p. 2 (Docket in *United States v. Miller*, Case No.  W-00-CR-126, United States District Court, Western District of Texas, Waco Division).  While the state charges were pending, Petitioner was temporarily transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* for prosecution on the federal charge, and on January 9, 2001, Petitioner was arraigned in federal court.  Petitioner's Appendix, p. 4. On April 16, 2001, after a jury trial, Petitioner was convicted of the federal offense and on June 5, 2001, he was sentenced to a term of seventy-one months imprisonment, a three-year period of supervised release and a fine of $1,000.00.  Petitioner's Appendix, pp. 8-9, 19 (Sentencing transcript); pp. 22-27 (Judgment).   The sentencing court recommended to the Bureau of Prisons (BOP) that Petitioner be incarcerated in a facility where he could receive drug treatment and participate in anger control management, but the court was silent as to whether Petitioner's federal sentence was to run consecutively

to or concurrently with any state court sentences that might result from the pending state charges. Petitioner's Appendix, pp. 19 and 23.[2]

Petitioner was returned to state custody, and on June 28, 2001, he entered a plea of guilty to the state charges and was sentenced to eighteen years imprisonment.[3] Petitioner's Memorandum, pp. 3-4; Petitioner's Appendix, p. 35. Petitioner states that on August 8, 2001, he was transferred to a Texas state prison to serve his state sentence. Petitioner's Memorandum, p. 4. Petitioner was paroled from his Texas sentence on April 8, 2005, and released to the custody of the United States to begin serving his federal sentence. Petitioner's Memorandum, p. 4; Petitioner's Appendix, p. 29. The BOP determined that Petitioner's federal sentence commenced on April 8, 2005, running consecutively to his Texas state sentence. *Id.* The BOP has computed Petitioner's projected release date as May 18, 2010. Petitioner's Appendix, p. 28.

Soon after his 2005 transfer to federal custody, Petitioner began pursuing administrative remedies with respect to credit issues, arguing that his federal sentence and state sentence arose out of the same facts and requesting a *nunc pro tunc* designation by the BOP for concurrent service of his state and federal sentences, so that the time served on his state convictions would be credited against his federal sentence. Petitioner's Memorandum, pp. 4-5. Petitioner's request for administrative remedies was

---

[2]The Fifth Circuit upheld Petitioner's federal conviction and sentence on appeal. *United States v. Miller*, No. 01-50542, 2002 WL 261502 (5th Cir. Feb. 1, 2002).

[3]Although he has been unable to obtain records of the state court proceeding, Petitioner states that the state court judgment was also silent as to concurrent or consecutive service of the state and federal sentences. Petitioner's Memorandum, p. 4 and n.3.

3

denied,[4] and Petitioner filed a regional appeal.  Petitioner's Appendix, pp. 34-36.  The Regional Director rejected Petitioner's request for a *nunc pro tunc* concurrent designation, concluding that such designation would not be "consistent with the goals of the criminal justice system."  Petitioner's Appendix, pp. 35-36.[5]  Petitioner's final appeal to BOP's Central Office was denied on June 27, 2006.  Petitioner's Appendix, p. 37.  The Central Office found that the decision by the Regional Director was "consistent with their discretionary authority."  *Id.*

In this action, Petitioner's sole ground for habeas relief is that "[t]he Bureau of Prisons abused its discretion by failing to provide 'fair and full' consideration of Petitioner's request for *nunc pro tunc* concurrent designation of his federal and state sentences."  Petition, p. 3; Petitioner's Memorandum, p. 7.  As relief, Petitioner requests that this Court 1) issue a writ against Respondent directing reversal of the BOP's denial of Petitioner's request for nunc pro tunc  designation, 2) direct the BOP to conduct a "fair and full" review of Petitioner's request for *nunc pro tunc* designation, and 3) grant his immediate release from imprisonment "upon a favorable ruling."  Petition, p. 6.

Respondent asserts that Petitioner's request for *nunc pro tunc* designation was properly considered and denied.  Respondent contends that habeas relief therefore should be denied.

---

[4]In his denial of Petitioner's request, the Warden at FCI El Reno advised that because a request for a nunc pro tunc designation is a consideration mandated at the regional level, Petitioner's request must be made directly to the South Central Regional Office.  Petitioner's Appendix, p. 34.

[5]The record shows that in response to Petitioner's request for a *nunc pro tunc* desigation, the regional director submitted a letter dated February 10, 2006, to the sentencing judge in Petitioner's federal criminal case, requesting that court's clarification as to its intent of whether Petitioner's federal sentence was to be served concurrent with or consecutive to his state sentence.  Response, Ex. 1 (Declaration of James D. Crook) p. 2, ¶6 and Attachment.

ANALYSIS

I.   Computation of Petitioner's Federal Sentence

Although the petition challenges only the BOP's full and fair consideration of his request for *nunc pro tunc* designation of his sentences, a discussion of federal sentence computation under 18 U.S.C. § 3585 is necessary to an understanding of the sentencing considerations at issue here.[6]  The Tenth Circuit has instructed that "[t]he computation of a federal sentence requires consideration of two separate issues." *Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir. 2006)).   First, the Court determines the commencement date of the federal sentence and then considers the extent to which the defendant can receive credit for time spent in custody prior to the commencement of sentence.  *Id.* (citing *Weekes v. Fleming*, 301 F.3d 1175, 1179 (10th Cir. 2002)).

The BOP's calculation of a federal term of imprisonment is governed generally by 18 U.S.C. § 3585:

> (a)  Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b)  Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

> > (1) as a result of the offense for which the sentence was imposed; or

---

[6]Although in his Memorandum [Doc. No. 2] Petitioner references other instances of credit miscalculations, the undersigned has addressed only the issue identified in his petition regarding the BOP's denial of his request for a *nunc pro tunc* concurrent designation.

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

When two sovereigns claim custody over a prisoner, "[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant." *Weekes*, 301 F.3d at 1180. This "rule of comity" requires the second sovereign "to postpone its exercise of jurisdiction until the first sovereign is through with [the defendant] or until the first sovereign agrees to temporarily or permanently relinquish custody." *Id.* Here, Petitioner recognizes that when he was taken into federal custody pursuant to a federal writ of *habeas corpus ad prosequendum*, he was merely "borrowed" from the Texas state authorities, and thus, he remained in the primary custody the State of Texas during his prosecution on the federal drug offense. Petitioner's Memorandum, p. 3. *See Williams v. Taylor*, 327 F. 2d 322, 323 (10th Cir. 1964) ("When a state surrenders one of its prisoners to the federal government for the purpose of trial on charges pending there, a judgment and sentence upon conviction in the federal court does not begin to run, if the prisoner is delivered back to state authorities, until the prisoner is thereafter returned to federal custody and received at a federal penal institution for service of his sentence."); *see also Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) (same). Therefore, the BOP correctly determined that Petitioner's federal sentence commenced on April 8, 2005, when he completed his state sentence and was finally received into federal custody for the purpose of serving his federal sentence. 18 U.S.C. § 3585(a); *see also Binford*, 435 F.3d at 1255 ("A federal

sentence does not commence until a prisoner is actually received into federal custody for that purpose.").

In addition, pursuant to the provisions of 18 U.S.C. § 3584(a), multiple terms of imprisonment imposed at different times, such as Petitioner's state and federal sentences, run consecutively absent an affirmative order of the sentencing court that they run concurrently. *See United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995) (affirming the district court's authority to order that petitioner serve his federal sentence consecutively to a state court sentence not yet imposed); *Cathcart v. United States Bureau of Prisons*, No. 99-6424, 2000 WL 554547, at *2 (10th Cir. May 4, 2000) (unpublished decision) (holding that "[b]ecause the federal court did not include an affirmative order regarding concurrent sentences, the sentences run consecutively[]"). Here, it is undisputed that the sentencing judge in the United States District Court for the Western District of Texas did not affirmatively direct that Petitioner's federal sentence be served concurrently with any state sentence imposed.[7]   Absent such directive, the BOP properly determined that Petitioner's federal sentence was to be served consecutively to his state sentence.

Further, in accordance with 18 U.S.C. § 3585(b), Petitioner is not entitled to receive credit toward his federal sentence for time spent in custody that has previously

---

[7]Both the Tenth and Fifth Circuit Courts of Appeal have held that a federal sentencing court has the authority to order a federal defendant's sentence to run concurrently or consecutive with any sentences that may yet be imposed in state court. *United States v. Williams*, 46 F.3d 57, 59 (10th Cir. 1995); *United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991), *overruled on other grounds, United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006). *Cf. Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72, 74-75 (2d Cir. 2005) (noting circuit split as to whether a federal court has the authority to order its sentence  run concurrently or consecutively with a state sentence that has not yet been imposed and listing cases); *see also* Petitioner's Reply (acknowledging the circuit split).

been credited to his state sentence. *See United States v. Wilson*, 503 U.S. 329, 337 (1992) (in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time"); *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002) (finding the petitioner "received credit against his state sentence for all the time served prior to the date his federal sentence commenced . . . . [and he] is not entitled to pre-sentence credit under § 3585(b)"). Petitioner does not dispute that he received credit on his state sentence for the time period he was incarcerated in the custody of the State of Texas. Thus, the BOP officials have correctly calculated the commencement date and prior custody credit of Petitioner's sentence in accordance with the provisions of § 3585, and absent a *nunc pro tunc* designation, as discussed below, Petitioner is not entitled to credit on his federal sentence for time spent in state custody.

II.   *Nunc Pro Tunc* Designation

The BOP has the authority pursuant to 18 U.S.C. §3621(b) to designate the place of a federal prisoner's imprisonment. The administrative procedures for the designation of a state institution for concurrent service of a federal sentence are set forth in BOP Program Statement ("PS") 5160.05. *See* Petitioner's Appendix, pp. 41-44 (BOP PS No. 5160.05, Designation of State Institution for Service of Federal Sentence, dated January 16, 2003). This program statement also provides for consideration by the BOP of an inmate's request for *nunc pro tunc* designation allowing credit toward a federal sentence for time spent in service of a state sentence. *Id.* at p. 42 (BOP PS 5160.05, ¶ 9.b(4)). However, the BOP can exercise this authority only when "it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Petitioner's

Appendix, p. 41 (BOP PS 5160.05, ¶8); *see also Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) ("[T]he designation of an appropriate state institution for service of a 'concurrent' federal sentence must be 'in compliance with applicable statutes, court order or recommendations, and the goals of the criminal justice system,' and 'will only be made when it is consistent with the intent of the sentencing Federal court.'") (citation omitted).

Although Petitioner recognizes that the BOP exercised its authority and conducted a review of his request for a *nunc pro tunc* designation, he contends that the BOP abused its discretion because the reasons for its denial of his request are erroneous and unsupported by the record. Petitioner's Memorandum, p. 7. Petitioner specifically asserts that "there is no evidence to support the BOP's statement as to the sentencing judge's intent . . . ." *Id.*, p. 6. For the following reasons, the undersigned finds that Petitioner has failed to demonstrate that the BOP abused its discretion.

The record reflects that in response to Petitioner's request, the Regional Director concluded,[8] after consideration of "the available information, consistent with 18 U.S.C. §3621" and the "provided guidance in Program Statement 5160.05[,]" that in "Petitioner's specific case" a concurrent designation was "not consistent with the goals of the criminal justice system."[9] Petitioner's Appendix, p. 36. On Petitioner's appeal from that decision, the Central Office affirmed the denial, finding that the Regional Director's decision was

---

[8]The BOP's authority to designate a state facility for concurrent service of a federal sentence has been delegated to the Regional Directors. Petitioner's Appendix, p. 41 (BOP PS 5160.05, ¶8).

[9]Contrary to Petitioner's argument, Petitioner's Memorandum, p. 14, a determination of whether a concurrent sentence designation is consistent "with the goals of the criminal justice system" is one criterion that must be considered by the BOP when considering a prisoner's request for *nunc pro tunc* concurrent designation. *See* Petitioner's Appendix, p. 38 (BOP PS 5160.05, ¶¶ 3,8)

consistent with its discretionary authority. *Id.*, p. 37.  Although no *affirmative* direction from the sentencing judge appears on the record, the record supports the BOP's conclusion that the sentencing judge did not intend concurrent service of Petitioner's sentence.  First, the record reflects that Petitioner's presentence investigation report identified the pending state charges, and thus, it is apparent that the sentencing court was aware of Petitioner's pending state proceeding.  *See* Petitioner's Appendix, p. 12, Presentence Investigation Report in Case No. W-00-CR-126 (identifying Petitioner as "in custody on State charges in McLennan County") and p. 14 ("[Petitioner" has been in State custody since January 28, 2000 on the offense which is now the federal case).  Moreover, as conceded by Petitioner, the federal sentence contains no evidence that the sentencing court intended that it be served concurrently with his pending state sentence(s).  Additionally, in response to Petitioner's request for a *nunc pro tunc* designation, the BOP, pursuant to its own policy, wrote to the sentencing judge requesting clarification as to the judge's intent with respect to Petitioner's sentence.[10]  Response, Attachment to Exhibit 1.  BOP officials aver that no reply to the letter was received from the sentencing judge.  Response, Ex. 1, p. 2, ¶8.  Petitioner does not contest this representation by Respondent.  Pursuant to BOP policy, the Regional Director made a decision regarding Petitioner's request for concurrent sentence designation when no response was received

---

[10]The letter to the sentencing judge informed him that the BOP was considering Petitioner's request for *nunc pro tunc* concurrent designation and set forth in detail the procedural background of Petitioner's federal criminal case, including the language of the judgment and sentence.  Finally, the BOP sought any further clarification of the judge's intent regarding the service of Petitioner's sentence.  Response (citing *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990)).

from the sentencing court within 60 days.  Petitioner's Appendix, p. 43 (BOP PS 5160.05, ¶ 9.b(4)(d)).

Based on the record before the Court, the undersigned finds that Petitioner has failed to demonstrate that the BOP's decision (that concurrent designation was not consistent with the "goals of the criminal justice system" or the intent of the sentencing court) was an abuse of discretion.  *See Powell v. Baker*, No. 03-3090, 2003 WL 22872691, at *2 (10th Cir. Dec. 5, 2003) (unpublished decision) (no abuse of discretion where record showed that BOP gave full and fair consideration to request before denying it); *McCarthy v. (FNU)(LNU), Warden*, No. 05-3232, 2006 WL 392118, at *1 (10th Cir. Feb. 21, 2006), *cert. denied*, 126 S.Ct. 2949 (2006) (unpublished decision) (finding in light of federal prisoner's criminal history and prior convictions, BOP did not abuse its discretion when it declined to designate a state institution for service of prisoner's federal sentence).  *See also Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002) (affirming the BOP's denial of a *nunc pro tunc* designation of a state facility as inconsistent with the intent of the sentencing court); *Rodriguez v. Pitzer*, No. 03-40040, 2003 WL 21805912, at *1 (5th Cir. Aug. 7, 2003) (unpublished decision) (same); *Jones v. Winn*, No. 01-1161, 2001 WL 741733, at *at 3 (7th Cir. June 29, 2001) (unpublished decision) (upholding the BOP's denial of a *nunc pro tunc* designation, as the bureau "considered the request in light of public policy and the interests of justice").

For the reasons discussed above, the undersigned finds that the BOP is properly executing Petitioner's federal sentence and did not abuse its discretion in declining to

designate a state prison as a place of federal confinement *nunc pro tunc*.  Accordingly, Petitioner is not entitled to habeas relief on this claim.

III.    Petitioner's § 2255 Claim

Petitioner argues in part that "because of the scheduling of the petitioner's federal and state sentences [the sentencing court] failed to give due consideration to § 5G1.3(b)" of the United States Sentencing Guidelines (USSG) and thus "remained silent as to concurrency of sentences."  Petitioner's Memorandum at 12.   In his reply, Petitioner further discusses his sentencing error claim, alleging that the federal district court was "mandated by § 5G1.3(b) to impose concurrent sentences in [Petitioner's] case." Petitioner's Reply at 3-5.

Attacks on the execution of a sentence fall under Section 2241, while challenges to the validity of a federal sentence trigger Section 2255.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Here, to the extent Petitioner relies on USSG § 5G1.3 as the basis for relief under § 2241, and alleges that the sentencing court failed to appropriately apply the USSG, such claim constitutes an attack on the validity of his sentence, rather than its execution.  *See Carroll v. Peterson*, No. 03-6356, 2004 WL 1752400, at *1 (10th Cir. Aug. 5, 2004) (unpublished decision) (finding petitioner's contention that federal sentencing court should have provided for concurrent federal and state sentences pursuant to U.S.S.G. § 5G1.3(c) challenged the validity of his sentence and must be brought under § 2255); *see also  Garrett v. Snyder*, No. 00-5749, 2002 WL 1379036, at *2 (6th Cir. June 25, 2002) (unpublished decision) (holding that 28 U.S.C. § 2255, rather than 28 U.S.C. § 2241, was the proper vehicle because "Garrett's U.S.S.G. § 5G1.3 argument

constitutes a challenge to the imposition of his sentence, not the execution or manner in which his sentence is being served"); *Easley v. Stepp*, No. 00-2564, 2001 WL 252891, at *2 (7th Cir. Mar. 13, 2001) (unpublished decision) (holding that the "appropriate vehicle" is a motion under 28 U.S.C. § 2255 when a person challenges the failure to apply USSG § 5G1.3(b)); *Jones v. Hemingway*, No. 02-CV-701790DT, 2002 WL 1009719, at *4 (E.D. Mich. Apr. 30, 2002) (unpublished decision) ("If Petitioner wishes to challenge the federal district court's failure to utilize § 5G1.3 of the federal sentencing guidelines, he should file a § 2255 motion to vacate sentence.").

In this case, it is not necessary to liberally construe the petition as one brought in part pursuant to 28 U.S.C. § 2255. This Court lacks jurisdiction to consider Petitioner's challenge to his conviction and sentence pursuant to 28 U.S.C. § 2255 because such a challenge must be filed in the Western District of Texas where Petitioner was convicted. *Haugh v. Booker*, 210 F.3d 1147, 1152 (10th Cir. 2000) ("Because a section 2255 motion must be brought in the district in which the defendant was sentenced, the district court here lacked jurisdiction.").

In conclusion, Petitioner has failed to allege or show that his federal sentence is being served in violation of the Constitution or laws of the United States.  Accordingly, Petitioner is not entitled to habeas relief.

<u>RECOMMENDATION</u>

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be denied.  In light of this recommendation, it is further recommended that Petitioner's Motion for Emergency/Expedited Review of

Petition [Doc. No. 6] be denied as moot.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 6th day of September, 2007, in accordance with 28 U.S.C. §636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

      ENTERED this 17th day of August, 2007.


BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE